EDWARD J. COOK et al., Appellants, v. JOHN R. MURLIN et al., Respondents.

*Real property — covenant to use premises for residence purposes only — when maintenance of driveway thereon not a violation.*

*Cook* v. *Murlin*, 202 App. Div. 552, affirmed.

(Argued June 6, 1923; decided July 13, 1923.)

APPEAL from a judgment, entered September 5, 1922, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, reversing a judgment in favor of plaintiff entered upon the report of a referee and directing a dismissal of the complaint. The relief sought in this action was an injunction restraining the defendants from the use and maintenance of a driveway constructed over lot No. 8, Golfside Acres, Brighton, N. Y., which driveway gave ingress and egress between East avenue and certain premises owned by the defendants. It was claimed that the use and maintenance of such a driveway constituted a violation of the covenant restricting the use of lot No. 8 to residence purposes only. The defense was that the covenant was not violated.

*Paul Folger* for appellants.

*George A. Carnahan* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

CARRIE BROWN, Individually and as Executrix of MANHEIM BROWN, Deceased, Appellant, v. THE STATE OF NEW YORK, Respondent.

*State — claim against state for death of juror through sickness incurred during course of long criminal trial properly dismissed.*

*Brown* v. *State of N. Y.*, 206 App. Div. 634, affirmed.

(Argued June 6, 1923; decided July 13, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered March 19, 1923, which affirmed a judgment of

the Court of Claims dismissing the plaintiff's claim. Appellant's husband and testator was a juror in the case of *People* v. *Molineux* (168 N. Y. 264). It is alleged that the trial commenced in November, 1899, and lasted until in February, 1900; that, in the latter part of January, as the trial was approaching the end, the claimant's testator was taken ill with grippe, bronchitis, rheumatism and lymphangitis; that said condition, sickness and disease was caused by the unsafe, unsanitary, unwholesome, and ill-ventilated condition of the court house; that a two weeks' adjournment was necessary, and to obviate longer delay, the judge agreed to see that Mr. Brown had proper care while in the court room and proper conveyance when leaving the court house, and that the conditions complained of, as aforesaid, should be corrected; that this was not done, and that by reason of such illness and lack of care, he died October 6, 1913.

*Edward M. Grout* and *Dean Potter* for appellant.

*Carl Sherman, Attorney-General (W. J. Wetherbee* of counsel), for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND and McLAUGHLIN, JJ. Absent: CRANE and ANDREWS, JJ.

---

WILLIAM M. McLEAN, Appellant, *v.* F. W. WOOLWORTH COMPANY, Respondent.

*Real property — covenants — when clause in deed restricting height of building does not constitute easement in favor of remaining lands of grantor.*

*McLean* v. *Woolworth Co.,* 204 App. Div. 118, affirmed.

(Argued June 6, 1923; decided July 13, 1923.)

APPEAL from a judgment, entered February 15, 1923, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of plaintiff entered upon the report of a referee and directing a dismissal of the complaint. The action was to have it adjudged that the defendant be